## THE CHARLES MULFORD.

(District Court, S. D. New York. January 21, 1916.)

NAVIGABLE WATERS ⬅20(8)—BRIDGES—NEGLIGENT OPERATION OF DRAW.

The operators of a drawbridge *held* negligent for failure to hear or answer the signals of a tug with a tow of 25 barges, approaching the bridge on the flood tide, and the tug *held* not negligent in attempting to turn her tow, there being no time to affix hawsers to hold it back, so that the owners of the bridge are liable for injuries to a barge, with which one of the barges of the tow collided while the turn was being made.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Admiralty. Libel by Owen McCaffrey's Sons, as owners of the barge Charles Mulford, against the Staten Island Rapid Transit Railway Company, in which the Lehigh Valley Railroad Company was impleaded as respondent. Decree for libelant against the Staten Island Rapid Transit Railway Company, and petition against the Lehigh Valley Railroad Company dismissed.

Park &. Mattison, of New York City, for libelant.

Cravath & Henderson, of New York City, for Staten Island R. T. Ry. Co.

Harrington, Bigham & Englar, of New York City, for Lehigh Valley R. Co.

AUGUSTUS N. HAND, District Judge. The pilot and engineer of the steam tug Ganoga, the deckhand on the Ganoga, and the deckhand and engineer of the Genesee, as well as the watchman, Donovan, who was employed by the Pennsylvania & Delaware Oil Company, substantially agreed that the tug Ganoga, with her tow of 25 barges, approached the drawbridge of the Staten Island Rapid Transit Company and blew numerous blasts for the drawbridge to open, and that it was not opened for a very long time. As the Ganoga was proceeding towards the bridge with a flood tide, and the bridge blew no answering whistle, and there was no sign that the bridge would open, the pilot of the Ganoga attempted to turn the tow around and go back against the flood tide. The channel of the Staten Island Kill at the point where the tug attempted to turn was not wider than the length of the tug and tow. Only by a turn in a circle with the shortest possible radius could the maneuver be made with such a long tow against a flood tide. If the tug had not attempted to make this turn, however, she would have been swept along by the tide under the drawbridge, her smokestack carried away, and some of her crew in all probability killed or injured. In making the turn, the starboard hawser barge collided with the barge Charles Mulford (belonging to the libelant) on the New Jersey shore and was damaged.

The engineer in charge of the drawbridge testified that he heard four whistles from the Ganoga and blew two whistles in response. These two whistles he insisted meant to stay back until the bridge was opened, and he said he proceeded to open it promptly. He was corroborated by a watchman on the end of the drawbridge, whose duty it was to remove the fastenings on that end of the draw in order that the drawbridge might be rotated by the engine. This watchman was a very ignorant man and unsatisfactory witness. The conductors of two trains were also produced on behalf of the Staten Island Rapid Transit Railway Company to corroborate the engineer of the drawbridge. They swore that their trains were held in the early morning of March 6th, when the accident occurred, to enable the tow to pass through the drawbridge. They did not see the accident, however, and I am of the opinion that it had occurred before these trains arrived. The tow passed through the drawbridge, but after the accident had happened.

I find that the Ganoga received no answering signal from the draw-bridge. I further find that it did not open promptly, and that the predicament in which the tug and tow found themselves was due to the negligence of the persons in charge of the bridge in failing to hear or reply to signals. Under these circumstances the Ganoga was justified in attempting to turn her tow, and she cannot be said to have turned it in a negligent manner, in view of the narrowness of the channel. I do not think the Genesee could have held back the tow in any way, except by a hawser attached to the outer and inner rear barges, which there was apparently no opportunity to affix. I do not think, therefore, there was negligence in failing to do this.

Judge Veeder, in the case of Dillon v. Pennsylvania R. R. Co. No. 32 and Staten Island Rapid Transit Co., held in an unreported oral opinion that this very bridge was at fault under similar circumstances for failing to answer signals. The case of Clement v. Metropolitan West Side El. Ry. Co., 123 Fed. 271, 59 C. C. A. 289, decided by the Circuit Court of Appeals for the Seventh Circuit, is also in point.

A decree is granted for the libelant, with costs, against the Staten Island Rapid Transit Railway Company, and the petition against the Lehigh Valley Railroad Company is dismissed.